**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**February 14, 2012**

**FOR THE TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

CHERYL F. STAFFORD,

        Plaintiff-Appellee,

v.

JEANINE STEWART,

        Defendant-Appellant,

and

MCCURTAIN COUNTY JAIL
TRUST; JASON LINCOLN,

        Defendants.

No. 11-7045
(D.C. No. 6:10-CV-00030-FHS)
(E.D. Okla.)

---

### ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Defendant Jeanine Stewart appeals the district court's partial denial of her

motion for summary judgment in which she asserted qualified immunity from

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

plaintiff Cheryl Stafford's claim of deliberate indifference to medical needs. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand with instructions to grant judgment in favor of Ms. Stewart.

## I. BACKGROUND

The parties are familiar with the facts, so we recite only those relevant to Ms. Stewart's appeal. In 2007, Ms. Stafford was detained for about five weeks in the McCurtain County, Oklahoma, Detention Center (MCDC) on a drug charge. On admission, she reported a history of high blood pressure, and MCDC staff provided her with daily medication for it throughout her detention. She claimed that she repeatedly requested, orally and in writing, to see a nurse because she was having headaches, dizziness, and a stiff neck, but MCDC staff ignored her requests. She further alleged other inmates made similar requests on her behalf. One morning, she felt a pop in her neck, developed a severe headache, began vomiting, and was unable to move her extremities. She was sent to a hospital and underwent brain surgery to repair a subarachnoid hemorrhage related to two aneurysms. She is now considered disabled by the Social Security Administration.

In this action, Ms. Stafford identified two ways that Ms. Stewart denied her adequate medical care that caused her serious harm.[1] First, Ms. Stafford claimed

---

[1] The district court granted summary judgment on claims Ms. Stafford raised

(continued...)

Ms. Stewart gave her a different medication or the wrong dosage. Second, she claimed Ms. Stewart delayed treatment at the hospital when she told the doctors there that Ms. Stafford may have ingested methamphetamine on the morning of her seizure. The district court granted qualified immunity to Ms. Stewart on these bases of the claim against her, and Ms. Stafford has not taken issue with those rulings.

The district court identified a third basis for Ms. Stafford's claim against Ms. Stewart, namely, that Ms. Stewart delayed medical care by not responding to Ms. Stafford's requests to see a nurse about her headaches and dizziness.[2] The district court determined there was a factual dispute that prevented summary judgment—whether Ms. Stafford had complained to Ms. Stewart about her headaches and dizziness. The court concluded that if a jury resolved that dispute in plaintiff's favor, she could establish a case of deliberate indifference because

_____

[1](...continued)
against the other defendants. The court's rulings on those claims are not before us.

[2]     On appeal, Ms. Stewart states that Ms. Stafford did not assert this claim specifically against her. Our review of the record indicates that the extent of Ms. Stafford's claim against Ms. Stewart is somewhat unclear, but in the complaint Ms. Stafford alleged generally that Ms. Stewart was liable for "all actual damages" arising from "[t]he delay of treatment and consequent ruptured aneurysm." Aplt. App. at 16, ¶¶ 13, 15. Given Ms. Stewart's failure to develop any argument that the district court erred in construing Ms. Stafford's claim against her, we consider the allegation sufficient to encompass Ms. Stewart's alleged failure to respond to Ms. Stafford's complaints about headaches and dizziness.

(1) she had a serious medical condition, which the court characterized as high blood pressure accompanied by dizziness and headaches; and (2) Ms. Stewart delayed medical care, resulting in the violation of the clearly established right to adequate medical care. This appeal followed.

## II. ANALYSIS

We review de novo a district court's denial of qualified immunity at the summary judgment stage. *See Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). "When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that[] (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Id.*

Through the due process clause of the Fourteenth Amendment, pretrial detainees such as plaintiff are protected against the denial of adequate medical attention by the Eighth Amendment. *Id.* At the time of Ms. Stafford's detention in 2007, this right was clearly established. *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002) ("The right to custodial medical care is clearly established."). Accordingly, our analysis of the qualified-immunity question focuses on whether plaintiff met her burden of showing that Ms. Stewart violated a constitutional right.

A successful Eighth-Amendment claimant must show "deliberate indifference to serious medical needs." *Martinez*, 563 F.3d at 1088 (internal quotation marks omitted). "[A]n inadvertent failure to provide adequate medical

-4-

care does not rise to a constitutional violation." *Id.* (internal quotation marks omitted). The deliberate-indifference test has an objective and a subjective component. Under the objective component, the harm suffered must be "sufficiently serious to be cognizable under the Cruel and Unusual Punishment Clause of the Eighth Amendment." *Id.* (internal quotation marks omitted). "[I]t is the harm claimed by the prisoner that must be sufficiently serious to satisfy the objective component, and not solely 'the symptoms presented at the time the prison employee has contact with the prisoner.'" *Id.* (quoting *Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005)).

The subjective component of the deliberate indifference test requires a plaintiff to "show that the defendants knew [s]he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Id.* at 1089 (internal quotation marks omitted). "The factfinder may conclude that a prison official subjectively knew of the substantial risk of harm by circumstantial evidence or from the very fact that the risk was obvious." *Id.* (internal quotation marks omitted). But a prison official is not "liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* "[T]he symptoms

-5-

displayed by the prisoner are relevant to the subjective component of deliberate indifference. The question is: 'were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?'" *Martinez*, 563 F.3d at 1089 (quoting *Mata*, 427 F.3d at 753).

With these principles in mind, we will assume that the district court's formulation of the harm—high blood pressure accompanied by headaches and dizziness—was objectively serious because we are persuaded by one of Ms. Stewart's arguments on the subjective component. Ms. Stewart contends that Ms. Stafford's testimony regarding what she told Ms. Stewart was too vague to meet her burden of showing that Ms. Stewart consciously knew of and disregarded a substantial risk of serious harm. We agree. The district court considered there to be a factual dispute *whether* Ms. Stafford complained to Ms. Stewart about headaches and dizziness. Although we may not review the district court's determination that a factual dispute exists, we can consider whether Ms. Stewart is entitled to qualified immunity as a matter of law under Ms. Stafford's version of the facts. *See Johnson v. Martin*, 195 F.3d 1208, 1214 (10th Cir. 1999). Significantly, the district court did not evaluate *what* Ms. Stafford allegedly said to Ms. Stewart to determine if Ms. Stewart knew she faced a substantial risk of harm and disregarded that risk; the court simply concluded that Ms. Stafford had met her burden on the subjective prong. The record does not support that conclusion.

Ms. Stafford provided no evidence of observable symptoms. Therefore, assuming for purposes of appeal that she told Ms. Stewart something about her headaches and dizziness and that Ms. Stewart was aware that she was on medication for high blood pressure, Ms. Stafford's claim depends on what she said to Ms. Stewart. However, Ms. Stafford's factual support on that point is meager. In her deposition testimony, she says she complained about her headaches and dizziness to every jailer who worked "on the female side," including appellant "Stewart," but added, "I can't remember who it was." Aplt. App. at 183. She further testified that she submitted written requests to see the jail nurse, either by putting them "in the window," *id.* at 186, or by handing them to a jailer, *id.* at 185-86, but she could not remember which jailers she handed a written request to, *id.* at 185. When asked what she put in the written requests, she replied: "I was in need to see a nurse, I'm dizzy, it's getting worse, bad, stiff neck, can't move my head at all, need help. Anything I could write to make, to try to get their attention that something's wrong with me, I need to see a nurse." *Id.*

Ms. Stafford's testimony fails to provide a sufficient factual basis for reaching the conclusion that Ms. Stewart knew of a substantial risk of serious harm and disregarded it. There is no indication of what she said to Ms. Stewart, or of when or how often she asked Ms. Stewart to see a nurse. Further, she could not say she gave any of her written requests to Ms. Stewart, so her appellate

argument that she complained about a stiff neck in addition to headaches and dizziness is speculative with respect to Ms. Stewart. These are significant shortcomings because the record indicates that the MCDC employs twenty-four detention officers, *see* Aplt. App. at 202. Although there is no indication how many of those officers worked on the female side, Ms. Stafford elected to sue only Ms. Stewart. Without more specific details regarding what Ms. Stafford said to Ms. Stewart, there is an insufficient factual basis to conclude that Ms. Stewart knew or should have known of a risk of serious harm to Ms. Stafford and that she disregarded that risk. Accordingly, Ms. Stafford failed to meet her burden on the subjective component of the deliberate indifference test, and Ms. Stewart is entitled to qualified immunity.

## III. CONCLUSION

The judgment of the district court is REVERSED, and this case is REMANDED with instruction to enter judgment in favor of defendant Jeanine Stewart.

Entered for the Court


Bobby R. Baldock
Circuit Judge

-8-